IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA HETTINGER,<br><br>*Plaintiff,*<br><br>v.<br><br>BOZZUTO MANAGEMENT COMPANY,<br><br>*Defendant.* | Case No. JEB-23-3687 |

### DEFENDANT BOZZUTO MANAGEMENT COMPANY'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST CONSERVICE, LLC

Defendant Bozzuto Management Company ("Bozzuto") respectfully moves for leave to file a third-party complaint against Conservice, LLC ("Conservice"), and for its motion states as follows:

1. Plaintiff Laura Hettinger ("Plaintiff") initiated this putative class action against Bozzuto in December 2023. Plaintiff alleges a single count for violations of the District of Columbia Consumer Protection Procedures Act ("CPPA"), divided into fourteen subcounts.

2. In subcounts D through H, Plaintiff alleges that Bozzuto charges water and sewer rates in excess of statutory maximum rates for multifamily residential properties in the District of Columbia. In subcounts J through M, Plaintiff alleges that Bozzuto assesses electricity and gas charges pursuant to unlawful submetering practices. Plaintiff also includes a catch-all theory in subcount N for violations of the CPPA's prohibition against unfair acts.

3. Plaintiff's allegations in subcounts D through M (and in subcount N to the extent the allegations there relate to the allegations in subcounts D through M) all relate to an August 2017 Master Service and Marketing Agreement (the "MSMA") that Bozzuto executed with Conservice for utility billing and management services.

906078

4. Bozzuto denies that it violated any applicable laws or regulations. However, to the extent Bozzuto is found liable for any violations alleged in subcounts D through M (or subcount N with respect to the conduct alleged in subcounts D through M), such liability would strictly be a consequence of actions or inactions of Conservice in its performance under the MSMA.

5. Pursuant to Section 11 of the MSMA, Conservice agreed to indemnify and defend Bozzuto from "all liability, claims, damages, losses, suits, fines, penalties, costs and expenses" that arise out of or are incurred in connection with Conservice's provision of utility management and billing services.

6. Pursuant to Section 12 of the MSMA, Conservice is required to "comply with and be responsible for all applicable laws, statues [sic], rules, regulations, required permits or orders of the federal, state or local government applicable to each Property" in providing utility billing and management services.

7. If judgment is entered against Bozzuto with respect to the conduct alleged in subcounts D through M (or subcount N with respect to the conduct alleged in subcounts D through M), Conservice is obligated to indemnify Bozzuto.

8. Under Federal Rule of Civil Procedure 14, a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Where, as here, the defendant seeks to file a third-party complaint more than fourteen days after serving its original answer, the defendant must seek leave of court.

9. "A motion for leave to file a third party complaint is addressed to the sound discretion of the trial court." *Millers Capital Ins., Co. v. Hydrofarm, Inc.*, 340 F.R.D. 198, 210 (D.D.C. 2022) (citation omitted)).

10. "When exercising this discretion, the court should endeavor to effectuate the purpose of the rule, which is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim."  6 Paul Steinberg, *Cyclopedia of Federal Procedure* § 17:13 (3d ed.).

11. "Numerous factors guide the court's discretion in determining whether the third-party complaint should proceed, including: '(1) potential prejudice to plaintiffs or [the third-party defendant]; (2) whether the impleader will add new and complicated issues that will threaten the orderly and prompt resolution of the case and delay the trial; (3) whether defendants unreasonably delayed in filing the third party complaint; and (4) whether the third party complaint is so insubstantial that it fails to state a claim.'"  *Millers Capital Ins.*, 340 F.R.D. at 210 (alteration in original) (citation omitted).  "So long as the third-party action is 'proper' and does not prejudice the other parties, motions for leave under Rule 14(a) should be granted."  *Id.* at 211 (citation omitted).

12. Each of the relevant factors counsels in favor of the Court's allowing Bozzuto's proposed third-party complaint against Conservice.

13. First, the requested relief would prejudice no party.  Plaintiff has no stake in whether Bozzuto is indemnified by Conservice.  And Conservice has already agreed, through the MSMA, to indemnify Bozzuto.  It would not prejudice Conservice for Conservice to be held to its contractual word.

14. Second, the proposed impleader will not disrupt the case or delay proceedings.  No trial has been scheduled in this matter, and Plaintiff's class certification deadline is still months away.  Moreover, because Conservice likely has documents and information relevant to

Plaintiff's claims, it will be easier for the parties to obtain those materials from Conservice once it is a party to the case, rather than through third-party discovery practice.

15. Third, Bozzuto did not unreasonably delay the filing of this third-party complaint. Bozzuto answered Plaintiff's Class Action Complaint earlier this year and has been focused since that time on addressing Plaintiff's initial discovery requests, including through the production of thousands of pages of documents. At this stage, Bozzuto has determined that much of the remaining material that Plaintiff seeks is more likely in the custody and control of Conservice, and as such, this is an appropriate time for Conservice to enter the case.

16. Fourth, Bozzuto's third-party complaint is not insubstantial. On the contrary, as the Court can see from the MSMA appended to the proposed complaint, Bozzuto has a strong contractual argument that it is entitled to indemnity.

17. A copy of Bozzuto's proposed third-party complaint is attached as **Exhibit 1**. A request for summons is attached as **Exhibit 2**.

18. On November 8, 2024, undersigned counsel conferred with counsel for Plaintiff about the relief requested herein. Plaintiff's counsel stated that they take no position on this motion.

WHEREFORE, Bozzuto respectfully requests that the Court grant its Motion for Leave to File Third-Party Complaint Against Conservice, LLC.

Respectfully submitted,

**GALLAGHER EVELIUS & JONES LLP**

    */s/ Joe Dugan*
Joe Dugan (*pro hac vice*)
James D. Bragdon (Bar No. 1017743)
Christina F. Araviakis (Bar No. MD0203)
218 North Charles St., Suite 400
Baltimore, MD  21201
Telephone: (410) 727-7702
Fax: (410) 468-2786
jbragdon@gejlaw.com
caraviakis@gejlaw.com

*Attorneys for Defendant*
*Bozzuto Management Company*

November 8, 2024