IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAURA HETTINGER,**<br><br>*Plaintiff,*<br><br>v.<br><br>**BOZZUTO MANAGEMENT COMPANY,**<br><br>*Defendant/Third-Party Plaintiff.* | |
| **BOZZUTO MANAGEMENT COMPANY,**<br><br>*Defendant/Third-Party Plaintiff,*<br><br>v.<br><br>**CONSERVICE, LLC,**<br>750 S. Gateway Dr.<br>River Heights, Utah  84321<br><br>Serve on: Business Filings Incorporated,<br>         Registered Agent<br>         1015 15th Street, NW, #1000<br>         Washington, D.C.  20005<br><br>*Third Party Defendant.* | Case No. JEB-23-3687 |

**DEFENDANT BOZZUTO MANAGEMENT COMPANY'S THIRD-PARTY
<u>COMPLAINT AGAINST CONSERVICE, LLC</u>**

Defendant/Third-Party Plaintiff Bozzuto Management Company ("Bozzuto") brings this Third-Party Complaint against Third-Party Defendant Conservice, LLC ("Conservice"), and alleges as follows based on Bozzuto's personal knowledge as to its own acts and on information and belief as to all other matters:

**Exhibit 1**

891312

## Parties

1. Bozzuto is an entity incorporated in the State of Maryland, with its principal place of business in Greenbelt, Maryland.

2. Third-Party Defendant Conservice is a limited liability company organized under the laws of Utah, with its principal place of business in River Heights, Utah.

## Jurisdiction

3. This Court has supplemental jurisdiction over this Third-Party Complaint against Conservice pursuant to 28 U.S.C. § 1367(a) and Federal Rule of Civil Procedure 14, as the claims in this Third-Party Complaint arise out of a common nucleus of operative fact with those in the principal Complaint and therefore are part of the same case or controversy that exists in the original case.

4. Alternatively, this Court would have diversity jurisdiction over Conservice pursuant to 28 U.S.C. § 1332(a), as Conservice and Bozzuto are citizens of different states, and as the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Conservice pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and D.C. Code § 13-423, because Bozzuto's claims against Conservice arise from Conservice's business activities in the District of Columbia.

## Facts

6. Plaintiff Laura Hettinger ("Plaintiff") initiated this putative class action against Bozzuto in December 2023. Plaintiff alleges a single count for violations of the District of Columbia Consumer Protection Procedures Act ("CPPA"), divided into fourteen subcounts.

7. In subcounts D through H, Plaintiff alleges that Bozzuto charges water and sewer rates in excess of statutory maximum rates for multifamily residential properties in the District of

Columbia. In subcounts J through M, Plaintiff alleges that Bozzuto assesses electricity and gas charges pursuant to unlawful submetering practices. Plaintiff also includes a catch-all theory in subcount N for violations of the CPPA's prohibition against unfair acts.

8. Plaintiff's allegations in subcounts D through M (and in subcount N to the extent the allegations there relate to the allegations in subcounts D through M) all relate to an August 2017 Master Service and Marketing Agreement (the "MSMA") that Bozzuto executed with Conservice for utility billing and management services. A copy of the MSMA is attached hereto as **Exhibit 1**.

9. Bozzuto denies that it violated any applicable laws or regulations. However, to the extent Bozzuto is found liable for any violations alleged in subcounts D through M (or subcount N with respect to the conduct alleged in subcounts D through M), such liability would strictly be a consequence of actions or inactions of Conservice in its performance under the MSMA.

10. Pursuant to Section 11 of the MSMA, Conservice agreed to indemnify and defend Bozzuto from "all liability, claims, damages, losses, suits, fines, penalties, costs and expenses" that arise out of or are incurred in connection with Conservice's provision of utility management and billing services.

11. Pursuant to Section 12 of the MSMA, Conservice is required to "comply with and be responsible for all applicable laws, statues [*sic*], rules, regulations, required permits or orders of the federal, state or local government applicable to each Property" in providing utility billing and management services.

891312

12. If judgment is entered against Bozzuto with respect to the conduct alleged in subcounts D through M (or subcount N with respect to the conduct alleged in subcounts D through M), Conservice is obligated to indemnify Bozzuto.

## Count I – Breach of Contract

13. The allegations of paragraphs 1-12 are restated and incorporated as if fully set forth herein.

14. Bozzuto and Conservice executed a legally binding contract for Conservice to provide Bozzuto-managed properties with utility billing and management services.

15. Section 12 of the MSMA between Bozzuto and Conservice requires Conservice to "comply with and be responsible for all applicable laws, statues [*sic*], rules, regulations, required permits or orders of the federal, state or local government applicable to each Property" in providing utility management and billing services.

16. Conservice was contractually obligated to provide its services in accordance with applicable state laws, statutes, rules, and regulations.

17. Insofar as the facts alleged by Plaintiff in subcounts D through M are true, and insofar as those facts give rise to liability under the CPPA, Conservice breached its contract with Bozzuto by allowing unlawful submetering of gas and/or electric services, and charging residents water and/or sewer rates in excess of those rates permitted by District of Columbia law.

18. To the extent Bozzuto is held liable to Plaintiff for any damages under subcounts D through M (or subcount N with respect to the conduct alleged in subcounts D through M), Conservice is liable for the entire amount of the judgment against Bozzuto.

## Count II – Indemnification

19. The allegations of paragraphs 1-18 are restated and incorporated as if fully set forth herein.

20. Section 11 of the MSMA provides that Conservice is liable and must indemnify Bozzuto for any claim asserted or judgment imposed against Bozzuto, and all expenses and attorneys' fees incurred by Bozzuto in defending against any such claim.

21. Bozzuto denies that it is liable to Plaintiff in any way relating to Plaintiff's claims about allegedly unlawful submetering or allegedly excessive water and sewer rates.

22. To the extent Bozzuto is held liable to Plaintiff for any damages under subcounts D through M (or subcount N with respect to the conduct alleged in subcounts D through M), Conservice is liable for the entire amount of the judgment against Bozzuto, pursuant to the express indemnity provision identified above.

23. The indemnity provision further entitles Bozzuto to a judgment against Conservice for all costs, expenses, and attorneys' fees incurred in defense of the claims brought by Plaintiff.

**WHEREFORE**, Bozzuto requests that judgment should be entered in this Third-Party Complaint against Conservice, in the full amount of any damages awarded against Bozzuto under subcounts D through M (or subcount N with respect to the conduct alleged in subcounts D through M), together with all expenses and attorneys' fees incurred by Bozzuto in defending this case, with such additional relief as may be just and proper.

891312

Respectfully submitted,

**GALLAGHER EVELIUS & JONES LLP**

　　　*/s/ Joe Dugan*　　　　
Joe Dugan (*pro hac vice*)
James D. Bragdon (Bar No. 1017743)
Christina F. Araviakis (Bar No. MD0203)
218 North Charles St., Suite 400
Baltimore, MD  21201
Telephone: (410) 727-7702
Fax: (410) 468-2786
jbragdon@gejlaw.com
caraviakis@gejlaw.com

*Attorneys for Defendant
Bozzuto Management Company*

November 8, 2024

891312