IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAURA HETTINGER,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**BOZZUTO MANAGEMENT COMPANY,**<br><br>*Defendant.* | Case No. 1:23-cv-03687-JEB |

### DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Bozzuto Management Company ("Bozzuto") respectfully moves for partial judgment on the pleadings, or in the alternative, partial summary judgment as to Subcounts A-C and O of Plaintiff's operative First Amended Class Action Complaint.

The undisputed facts now establish that Plaintiff Laura Hettinger was informed about her obligation to pay utility expenses prior to submitting an application to lease a unit at NOVEL South Capitol. Despite this transparent disclosure by Bozzuto, Plaintiff previously alleged that Bozzuto failed to timely disclose the obligation to pay for utilities. Now, over a year after her initial filing, Plaintiff concedes that her utility obligations were, in fact, disclosed before the application process. This admission is fatal to Plaintiff's claims as to Subcounts A-C and O.

Moreover, a recent decision by the D.C. Superior Court, *Nanan v. Hines*, No. 2024 LTB 850, 2024 WL 4697067, at *4 (D.C. Super. Ct. Nov. 06, 2024), rejects the expansive understanding of "rent" underlying Plaintiff's disclosure claims, providing further grounds for the Court to resolve those claims in Bozzuto's favor now. *Nanan* eliminates Plaintiff's central legal assertion for Subcounts A-C and O: that utilities are "rent" under D.C. law.

915746

In an effort to revive her claims, Plaintiff has shifted her legal theory and now complains about the ***adequacy*** of Bozzuto's disclosure.  However, Plaintiff's subjective belief regarding clear and unambiguous disclosures is immaterial and cannot form the basis of a claim under the District of Columbia Consumer Protection Procedures Act.  No reasonable consumer would read a statement explicitly stating that utility payments are the resident's responsibility and somehow conclude that they would not have to pay for utilities during their tenancy.

As a result, Bozzuto is entitled to judgment on the pleadings, and/or judgment as a matter of law as to Subcounts A-C and O.  Granting this motion will narrow claims that no longer are viable.  A memorandum of points and authorities is included with this filing.

Respectfully submitted,

**GALLAGHER EVELIUS & JONES LLP**

　　　*/s/ Joe Dugan*
Joe Dugan (*pro hac vice*)
James D. Bragdon (Bar No. 1017743)
Christina F. Araviakis (Bar No. MD0203)
218 North Charles St., Suite 400
Baltimore, MD  21201
Telephone: (410) 727-7702
Fax: (410) 468-2786
jdugan@gejlaw.com
jbragdon@gejlaw.com
caraviakis@gejlaw.com

*Attorneys for Defendant*
*Bozzuto Management Company*

February 4, 2025