**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAURA HETTINGER,<br><br>*Plaintiff*,<br><br>v.<br><br>BOZZUTO MANAGEMENT COMPANY,<br><br>*Defendant*. | Case No: 1:23-cv-03687-JEB |

**~~[PROPOSED]~~ ORDER**

Plaintiff Laura Hettinger initiated this action against Defendant Bozzuto Management Company, seeking class-wide relief under the District of Columbia's Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq*. On July 15, 2026, the Court granted in part Plaintiff's Motion for Class Certification. ECF No. 81. Before the Court is Plaintiff's Unopposed Motion to Approve Class Action Notice Plan.

Rule 23(c)(2) enumerates the contents of notice to be directed to class members following a court's decision to certify a class under Rule 23(b)(3):

> For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Court finds that the Plaintiff's proposed Notice Plan and forms include clear, concise, and easily understood language setting forth all of the information required by Rule 23(c)(2).

Accordingly, the Court **GRANTS** the Plaintiff's Unopposed Motion to Approve Class Action Notice Plan and hereby **APPROVES** the proposed class notices, attached as Exhibits B, C, D, and E to the Declaration of Stephanie Saunders of Angeion Group, LLC, submitted in Support of Plaintiff's Motion.

The Court further **ORDERS** that Angeion Group, LLC shall complete notice as specified by Plaintiff's Proposed Class Action Notice Plan. Angeion shall commence Email Notice and SMS/Text Message Notice within 30 days after entry of this Order and shall conduct the supplemental digital publication campaign for approximately 30 days. Angeion shall also maintain the dedicated case website, secure contact-information update and exclusion portal, and toll-free telephone line as described in the Notice Plan.

The Court further specifically authorizes Angeion to transmit the Court-approved SMS/Text Message Notice solely for purposes of providing notice of this Action to Class Members in accordance with the Notice Plan. Before transmission, Angeion shall employ reasonable procedures to validate mobile-number ownership and identify reassigned or otherwise invalid telephone numbers, and shall honor requests to discontinue further text communications. The SMS/Text Message Notice shall contain no advertising or solicitation and shall direct recipients to the Court-approved case website for additional information. The Court finds that SMS/text messages disseminated pursuant to and in accordance with this Order for the purpose of providing Court-authorized class notice do not violate the Telephone Consumer Protection Act ("TCPA") and shall not create TCPA liability for the Third-Party Administrator or the Parties.

Class Members must request exclusion no later than ~~[DATE]~~ Dec. 21, 2026, either by submitting an exclusion request through the case website or by timely mailing a written exclusion request to Angeion. Angeion shall submit its report concerning implementation of the Notice Plan and timely exclusion requests no later than ~~[DATE]~~ Jan. 4, 2027.

**SO ORDERED** this 21st day of Sept. 2026.

Dated:

The Honorable Judge James E. Boasberg
United States District Judge

Serve:

Jason S. Rathod (DC Bar No. 100082)
Randolph T. Chen (DC Bar No. 1032644)
Nicholas A. Migliaccio (DC Bar No. 484366)
**MIGLIACCIO & RATHOD LLP**
412 H Street NE
Washington DC 20002
Office: (202) 470-3520
Fax: (202) 800-2730
rchen@classlawdc.com
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

F. Peter Silva II (DC Bar No. 1010483)
Hassan A. Zavareei (DC Bar No. 456161)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Ave., NW, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
*psilva@tzlegal.com*

*Counsel for Plaintiff Laura Hettinger and the Certified Classes*

Jean M. Zachariasiewicz (Bar No. 1019973)
Joe Dugan (pro hac vice)
James D. Bragdon (Bar No. 1017743)
Christina F. Araviakis (Bar No. MD0203)
**GALLAGHER LLP**
218 North Charles Street, Suite 400
Baltimore, MD 21201
Telephone: (410) 347-1866
Fax: (410) 468-2786
jzachariasiewicz@gallagherllp.com
jdugan@gallagherllp.com
jbragdon@gallagherllp.com
caraviakis@gallagherllp.com

*Counsel for Defendant Bozzuto Management Company*