**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAURA HETTINGER,**<br><br>Plaintiff,<br><br>**v.**<br><br>**BOZZUTO MANAGEMENT COMPANY,**<br><br>Defendant. | **Case No. JEB-23-3687** |

**RESPONSE TO MOTION OF CONSERVICE, LLC TO INTERVENE AS DEFENDANT**

Defendant Bozzuto Management Company ("BMC") concurs in the request by Conservice, LLC ("Conservice") to intervene in this matter. Given the Court's certification of the "Overcharge Class" and Conservice's possession of the information necessary for the adjudication of the corresponding claims, it would be more efficient for both sides if Conservice were to participate as a party with the same rights and obligations as any other party.

As Conservice indicates in its brief, the stakes in this case are high—not only for BMC, which faces a potentially catastrophic judgment over the Court's ruling that Conservice's assessment of monthly billing fees had to be disclosed precisely at the moment of application, but also for the other multifamily property management companies in D.C., many of whom rely on third-party utility management vendors like Conservice. The Court, and the jury, should have the best information about the industry practices that Plaintiff challenges, and Conservice's participation would help promote that information transparency.

The importance of this case and its far-reaching implications are already apparent, as the Court's rulings in the case have led to inconsistency in the D.C. courts and a departure from agency understanding of the law. At least one court (in *CMK Dev., LLC v. Dyes*, No. 2025-LTB-004114

(D.C. Super. Ct. July 8, 2026)) has rejected the argument that utility charges quality as rent under the D.C. Rental Housing Act, while at least two other courts (in *Harris v. Kettler Management Inc.*, No. 2026-CAB-000177 (D.C. Super Ct. May 1, 2026), and *Mickens v. Park 7 Residential L.P.*, No. 2025-CAB-003894 (D.C. Super. Ct. June 25, 2026)) have cited this Court's reasoning in interlocutory rulings. Earlier this month, in the *Harris* case, D.C.'s Rent Administrator, who heads the Rental Accommodations Division (the agency charged with administering the Rental Housing Act), acknowledged that her agency has never indicated that the amount of rent a landlord must disclose includes utility expenses. Nov. 9, 2026 Dep. of L. Pair 34:10-14, attached as Exhibit 1; *see id.* at 37:6-15 ("Q: To your knowledge has the Rental Accommodations Division ever told any housing provider that utility expenses must be disclosed on this form? A: Not to my knowledge. Q: To your knowledge has the Rental Accommodations Division ever told any housing provider that a service fee must be disclosed on this form? A: Not to my knowledge."). The Rent Administrator also observed that, to her knowledge, utility and service fees are not included in the disclosure statute. *Id.* at 37:20 – 38:3.

BMC shares these observations simply to make the point that the participation of expert parties who are involved in the daily implementation of D.C. landlord-tenant relations could only enhance the Court's adjudication of the challenging issues and questions of first impression presented by this case. The Court's rulings on these issues have had and may continue to have unpredictable consequences and may impose requirements not previously contemplated by the Rent Administrator or the D.C. Council. Conservice's participation now would not obviously slow any proceedings and could add clarity going forward.

Respectfully submitted,

**GALLAGHER LLP**

*/s/ Joe Dugan*

Joe Dugan (*pro hac vice*)
James D. Bragdon (Bar No. 1017743)
Christina F. Araviakis (Bar No. MD0203)
650 S. Exeter St, Suite 1200
Baltimore, MD 21202
Telephone: (410) 727-7702
Fax: (410) 468-2786
jdugan@gallagherllp.com
jbragdon@gallagherllp.com
caraviakis@gallagherllp.com

*Attorneys for Defendant*
*Bozzuto Management Company*

Date: November 17, 2026